IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02590-RMR-KLM

DIANN R. BOLONCHUK,

    Plaintiff,

v.

CHERRY CREEK NURSING CENTER/NEXION HEALTH,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss** [#9][1] (the "Motion"). Plaintiff, who proceeds as a pro se litigant,[2] filed a Response [#21][3] in

---

[1] "[#9]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court must liberally construe the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court shall not be the pro se litigant's advocate and shall not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

[3] Plaintiff's Response [#21] is actually titled "Motion for Summary Judgment Pursuant to Fed. R. Civ. 56.1" [sic]. However, the document was filed on February 17, 2023, the date set by the Court for Plaintiff to file a Response to Defendant's Motion [#9]. It is clear from the document that Plaintiff is, at least in part, responding to the arguments presented by Defendant in the Motion [#9], and she concludes by stating: "Therefore the Plaintiff requests that the Defendant's Motion to Dismiss be denied, and to the contrary, the Motion for Summary Judgment by the Plaintiff be immediately granted." *Response* [#21] at 5. Local Rule 7.1(d) prohibits the inclusion of a motion within a response. *See* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate document."); *Dodson v. Bd.*

opposition to the Motion [#9], and Defendant filed a Reply [#22]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1(c), the Motion [#9] has been referred to the undersigned for a recommendation regarding disposition. *See* [#17]. The Court has reviewed the briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#9] be **GRANTED**.

## I. Background[4]

Plaintiff is Defendant's former employee. *Am. Compl.* [#8] at 4. On September 24, 2021, Plaintiff filed a request for a religious exemption from the required COVID-19 vaccination with Defendant, her employer at the time. *EEOC Charge of Discrimination* ("EEOC Charge") [#8-1] at 1.[5] Plaintiff requested an accommodation "due to the fact that taking the vaccine violates [her] sincerely held religious beliefs." *Id.* Plaintiff requested

---

*of Cnty. Comm'rs*, 878 F. Supp. 2d 1127, 1236 (D. Colo. 2012) (observing that pro se litigants are held to the same procedural rules as represented parties). Nevertheless, the Court has considered the filing as Plaintiff's timely-filed Response to the present Motion [#9]. However, to the extent filed as a Motion for Summary Judgment, that motion has not been referred to the undersigned for a recommendation regarding disposition; therefore, this Recommendation does not address Plaintiff's Motion for Summary Judgment [#21]. *See* D.C.COLO.LCivR 72.1(c).

[4] All well-pled facts from Plaintiff's Amended Complaint [#8] are accepted as true and viewed in the light most favorable to Plaintiff as the nonmovant. *Barnes v. Harris*, 783 F.3d 1185, 1191-92 (10th Cir. 2015).

[5] Generally, "a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss." *Waller v. City & Cnty. of Denver*, 932 F. 3d 1277, 1282 (10th Cir. 2019) (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)). However, "[i]n evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, . . . and documents incorporated into the complaint by reference . . . ." *Smith v. U.S.*, 561 F. 3d 1090, 1098 (10th Cir. 2009). Plaintiff has attached the EEOC Charge of Discrimination [#8-1] she filed on January 4, 2022, to her Amended Complaint [#8], and therefore the Court may consider it in evaluating the current Motion [#9].

"regular ongoing Covid 19 testing" in lieu of a vaccine and requested "that the testing would be based on the most current, credentialed and medically founded standard of care (for both employee and resident) and is provided in a manner that is not excessive based on those same standards, and is not found to be harmful to my health by my PCP or any related credentialed medical health professionals."  *Id.*

Plaintiff states that on September 30, 2021, she received an email from Martha Royal ("Royal"), the Vice President of Human Resources for Defendant, in which Ms. Royal stated that the testing would continue to be done in a manner that would be "tightly regulated by local, state and federal guidelines that [Plaintiff's] employer is diligent about and committed to following, for the protection of residents, employees, visitors, vendors, and the community . . . ."  *Id.*   Plaintiff concedes that her exemption and accommodation request was initially granted by Defendant.  *See generally id.*

After Ms. Royal's response acknowledging Plaintiff's request and resolving her related concerns, Plaintiff received an email dated October 4, 2021, from her immediate supervisor, Terrylea Entsminger ("Entsminger"), an Administrator with Defendant, stating that her employment had been terminated.  *Id.*  The email stated that an evaluation of Plaintiff's requested accommodation "resulted in a determination that making the accommodation would place an undue burden on the facility and jeopardize the health and lives of residents, other associates, vendors, and visitors even if [Plaintiff] is regularly tested."  *Def.'s Ex. C, Entsminger Email* [#9-1] at 9.[6]  Accordingly, Plaintiff's employment

---

[6] If a plaintiff "does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a [12(b)(6)] motion to

was "terminated effective 10/1/2020 for failure to comply with Colorado Department of Public Health regulations mandating COVID-19 vaccination of healthcare workers issued to reduce the potential for the spread of infection and thus mitigate the burden on the healthcare system and workforce."[7]  *Id.*

Plaintiff alleges that in denying her religious exemption request, Defendant offered her two options, "either taking the Covid Vaccine which [she] made clear . . . would severely violate [her] sincerely held religious beliefs or have [her] award winning employment of 18 years terminated."  *Am. Compl.* [#8] at 4.  Plaintiff argues that by terminating her employment without providing or attempting to provide accommodation for her sincerely held religious beliefs, Defendant violated her First Amendment right to free exercise of religion.  *Id.*  Plaintiff states that as a result, she experienced "complete loss of salary, holiday, vacation and sick pay, medical care benefits, retirement benefits, short term disability, and employee voluntary life insurance policies for [herself] and [her] family and non-economic related damages."  *Id.*  The Court construes Plaintiff's Amended Complaint [#8] to allege a claim under the First Amendment's Free Exercise

---

dismiss."  *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3D 1381, 1384 (10th Cir. 1997); *Wright v. Associated Ins. Cos. Inc.*, 29 F. 3d 1244, 1248 (7th Cir. 1994) (noting that documents are not "outside the pleadings" if they are "referred to in the plaintiff's complaint and are central to his claim").  Here, Plaintiff referenced the October 4, 2021 email from Ms. Entsminger in the EEOC Charge of Discrimination that was incorporated into her Amended Complaint.  *Am. Compl.* [#8-1] at 1.  Further, this email is central to Plaintiff's claim as it communicates her termination from employment and the reason for such termination.  *Id.*; *Def.'s Ex. C, Entsminger Email* [#9-1] at 9. She has not disputed its authenticity.  Thus, the Court may consider it for purposes of evaluating the present Motion [#9].

[7] The Court notes that Ms. Entsminger's email stating that Plaintiff was "terminated effective 10/1/2020" appears to contain a typographical error and that Plaintiff was actually terminated effective October 1, 2021.  *Am. Compl.* [#8] at 4.

Clause and a claim for employment discrimination under Title VII of the Civil Rights Act of 1964. *See generally Am. Compl.* [#8].

In the present Motion [#9], Defendant argues that the Court should dismiss Plaintiff's Amended Complaint [#8] pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *Motion* [#9] at 4, 6, 10. Defendant contends that the Court should dismiss Plaintiff's First Amendment claim because the First Amendment does not apply to private corporations such as Defendant. *See id.* at 10. Defendant also contends that the Court should dismiss Plaintiff's Title VII claim because Plaintiff cannot show a plausible right to relief due to Defendant's establishment of an "undue hardship" as a matter of law. *See id.* at 6. Plaintiff argues that Defendant "has not demonstrated why granting the Plaintiff a Religious exemption and related accommodation would cause an undue hardship . . . " in part because the accommodation Plaintiff requested "was already being provided by the Defendant to the Plaintiff, and to all employees . . . for many months before her termination and accommodation denial." *Response* [#21] at 4-5. The primary issue in the Motion [#9] regarding Plaintiff's Title VII claim is therefore whether Defendant has established that accommodating Plaintiff's request for a religious exemption from the COVID-19 vaccine would constitute an undue hardship.

## II.  Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) may be granted if the plaintiff's complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (1995)). A claim is facially plausible when the *factual* content of the complaint enables the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Because plausibility is determined by the factual content, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In determining whether a complaint is facially plausible, the Court does not "weigh potential evidence that the parties might present a trial," but assesses only the plaintiff's complaint. *Miller v. Glanz*, 948 F. 2d 1562, 1565 (10th Cir. 1991). Facial plausibility need not rise to the level of a probability but requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). A court "must liberally construe the allegations of a pro se complaint." *Perkins,* 165 F. 3d at 806. All well-pled facts from the Amended Complaint [#8] are accepted as true and viewed in the light most favorable to Plaintiff as the nonmovant. *Barnes v. Harris*, 783 F. 3d 1185, 1191-1192 (10th Cir. 2015).

### III. Analysis

The Court first determines whether Plaintiff's First Amendment claim against Defendant is a viable claim. The Court then analyzes Plaintiff's claim under Title VII of

the Civil Rights Act, which hinges on whether providing Plaintiff with an accommodation would place "undue hardship" on Defendant, her employer.

**A.     First Amendment**

"The Free Speech Clause of the First Amendment constrains governmental actors and protects private actors." *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1926 (2019). In other words, a defendant must be a state actor to be found liable. *Lopez v. Hous. Sols. for the Sw.*, No. 19-cv-00684-MEH, 2021 WL 326942, at *3 (D. Colo. Feb. 1, 2021). "To draw the line between governmental and private, [the Supreme Court of the United States] applies what is known as the state-action doctrine." *Manhattan Cmty. Access Corp.*, 139 S. Ct. at 1926. Under state-action doctrine, a private entity may be considered a state actor when it exercises a function "traditionally exclusively reserved to the state." *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974)). But, this is seen in only under "a few limited circumstances" with "very few functions fall[ing] into that category." *Id.* at 1928-29. "Government funds and regulation do not make a state actor out of a private entity." *Id.* at 1931-32.

Plaintiff argues that Defendant denied her First Amendment right to the free exercise of religion by denying her request for a religious exemption from the COVID-19 vaccination mandate. *Am. Compl.* [#8] at 4. Further, Plaintiff avers that Defendant applied a prior restraint on her First Amendment rights in denying her exemption request. *Response* [#21] at 2. Defendant argues that Plaintiff cannot establish a plausible right to relief in her First Amendment free exercise claim because state actor status is required for the First Amendment to apply, and Defendant is a private corporation. *Motion* [#9] at

10.

Plaintiff does not allege that Defendant is a state actor. *See generally Am. Compl.* [#8]. In fact, Plaintiff specifically refers to Defendant as "Defendant Corporation (Cherry Creek Nursing Center/Nexion Inc.)" in her Amended Complaint. *Id.* at 4. Further, Plaintiff does not allege that Defendant is a private entity that may be considered a state actor because it exercises functions traditionally exclusively reserved to the state. *See generally Am. Compl.* [#8]; *Jackson*, 419 U.S. at 352. Thus, Plaintiff has failed to plead that Defendant is either a state actor or a private entity that may be considered a state actor. *Id.* Therefore, the Court finds that Plaintiff's First Amendment Free Exercise Clause claim fails to state a claim upon which relief may be granted because Defendant is a private corporation, and thus is not constrained by the First Amendment. *See*, *e.g.*, *Lopez*, 2021 WL 326942, at *3 (finding that a plaintiff's First Amendment claim could not proceed against a private entity); *Jackson*, 419 U.S. at 352 (emphasizing that a private entity can only be liable under the First Amendment when the private entity exercises "powers traditionally exclusively reserved to the state"); *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) (holding that to qualify as a traditional, exclusive public function "within the meaning of . . . state-action precedents, the government must have traditionally *and* exclusively performed the function." (emphasis in original)).

Accordingly, the Court **recommends** that Plaintiff's First Amendment claim under the Free Exercise Clause be **dismissed with prejudice**. *See*, *e.g.*, *Reynoldson v. Shillinger*, 907 F. 2d 124, 127 (10th Cir. 1990) (stating that prejudice should attach to a dismissal when the plaintiff has not made allegations "which upon further investigation

and development, could raise substantial issues"); *Garcia v. Webster*, No. 09-cv-03024-CMA-KLM, 2011 WL 109076, at *1 (D. Colo. Jan. 11, 2011) (stating that "dismissal [with prejudice] of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

**B.    Title VII**

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion."  *Thomas v. Nat'l Ass'n of Letter Carriers*, 225 F. 3d 1149, 1154 (10th Cir. 2000) (quoting 42 U.S.C. § 2000e(j)).   "Religion" is defined to include only those "aspects of religious observance and practice" that an employer is able to "reasonably accommodate . . . without undue hardship on the conduct of the employer's business."  *Id.* at 1154-1155 (quoting 42 U.S.C. § 2000e(j)).   Title VII requires employers to "reasonably accommodate the religious practices of an employee or prospective employee, unless the employer demonstrates that accommodation would result in undue hardship on the conduct of its business."  29 C.F.R. § 1605.2(b)(1), (2) (1980).   Thus, a Title VII religious discrimination claim requires a plaintiff to adequately allege: (1) she "has a bona fide religious belief that conflicts with an employment requirement"; (2) she "informed the employer of this belief"; and (3) an adverse action was taken against her "for failure to comply with the conflicting employment requirement." *Toledo v. Nobel-Sysco, Inc.*, 892 F. 2d 1481, 1486 (10th Cir. 1989).   The defendant may

then assert an affirmative defense "'that it was unable reasonably to accommodate the plaintiff's religious needs without undue hardship.'" *Id.* (quoting *Turpen v. Missouri-Kansas-Texas R.R.*, 736 F. 2d 1022, 1026 (5th Cir. 1984)). Defendant does not argue that Plaintiff has not adequately alleged her claim, but, instead, argues that Defendant "can establish, as a matter of law, that its decision to discharge Plaintiff was based on undue hardship related to safety concerns . . . ." *Motion* [#9] at 2.

Under Rule 12(b)(6), if an affirmative defense appears "plainly on the face of the complaint itself," the motion to dismiss for failure to state a claim may be disposed of under Rule 12(b)(6). *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) (citing *Miller v. Shell Oil Co.*, 345 F. 2d 891, 893 (10th Cir. 1965) (holding that under Rule 12(b)(6), "a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim. If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule.")). Only when the affirmative defense is "based upon matters outside the complaint" does the Rule 12(b)(6) motion to dismiss convert to a motion for summary judgment. *Miller*, 345 F. 2d at 893.

Whether a "particular accommodation works an undue hardship on . . . an employer . . . must be made by considering 'the particular factual context of each case.'" *Id.* at 1490 (quoting *Protos v. Volkswagen of Am., Inc.*, 797 F. 2d 129, 134 (3d Cir. 1986)). To require an employer to "bear more than a de minimis cost" in providing a religious-based accommodation is an undue hardship. *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 84 (1997) (holding that requiring the employer, Trans World Airlines, "to bear more than a de minimis cost in order to give [the plaintiff] Saturdays off" in compliance

with his religion was an undue hardship); *Equal Emp. Opportunity Comm'n v. JBS USA, LLC*, 339 F. Supp. 3d 1135, 1180 (D. Colo. 2018).  "An accommodation may also create an undue hardship 'if it causes more than a de minimis impact on co-workers.'" *JBS USA, LLC*, 339 F. Supp. 3d at 1181.

Here, Defendant argues that Plaintiff cannot establish a plausible right to relief because Defendant can "establish a safety-based undue hardship as a matter of law." *Motion* [#9] at 7.  Defendant argues that because the Colorado Board of Health ("CBOH") mandated all employees in licensed healthcare settings in Colorado to have the COVID-19 vaccine, accommodating Plaintiff's request would require Defendant to contradict state mandates. *Id.* at 7-8.  Requiring an employer to violate the law in order to accommodate an employee would result in undue hardship. *See*, *e.g.*, *Weber v. Leaseway Dedicated Logistics, Inc.*, No. 98-3172, 1999 WL 5111, at *1 (10th Cir. Jan. 7, 1999); *United States v. Bd. of Educ.*, 911 F. 2d 882, 891 (3rd Cir. 1990) (requiring an employer to violate state statute to accommodate an employee resulted in an undue hardship); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 830-831 (9th Cir. 1999) ("Although they have disagreed on the rationale, courts agree that an employer is not liable under Title VII when accommodating an employee's religious beliefs would require the employer to violate federal or state law."); *Baltgalvis v. Newport News Shipbuilding Inc.*, 132 F. Supp. 2d 414, 419 (E.D. Va. 2001) ("Courts have consistently agreed that an employer is not liable under Title VII when accommodating an employee's religious beliefs would require the employer to violate federal or state law."); *Does 1-2 v. Hochul*, No. 21-CV-5067 (AMD) (TAM), 2022 WL 4637843, at *15 (E.D.N.Y. Sept. 30, 2022) (holding that the "sole

'accommodation' the plaintiffs s[ought]—a religious exemption from the vaccine requirement—would impose an undue hardship on the [p]rivate [d]efendants because it would require them to violate state law."); *Yeager v. FirstEnergy Generation Corp.*, 777 F. 3d 362, 363 (6th Cir. 2015).

Plaintiff argues that Defendant violated her rights under Title VII by terminating her employment "without providing [her] with a religious exemption that accommodated or attempted to accommodate [her] sincerely held religious beliefs on this matter" (i.e., the matter of a COVID-19 vaccination). *Am. Compl.* [#8] at 4. In the EEOC Charge of Discrimination attached to her Amended Complaint [#8], Plaintiff states that, on October 4, 2021, Ms. Entsminger, her immediate supervisor and Defendant's Administrator, emailed Plaintiff that her employment had been terminated. *EEOC Charge* [#8-1] at 1. In this email, Defendant relayed to Plaintiff that her employment was terminated for "failure to comply with Colorado Department of Public Health regulations mandating COVID-19 vaccination of healthcare workers issued to reduce the potential for the spread of infection and thus mitigate the burden on the healthcare system and workforce." *Def.'s Ex. C, Entsminger Email* [#9-1] at 9.

Defendant argues that Plaintiff's Title VII failure-to-accommodate claim should be dismissed because, based on Defendant's "undue hardship" affirmative defense, Plaintiff cannot show a plausible right to relief. *Motion* [#9] at 6. Defendant first argues that Plaintiff's religious-based accommodation request would impose more than a "de minimis burden" on Defendant, and therefore would impose an undue hardship. *Id.* Defendant also asserts that Plaintiff cannot sufficiently allege a plausible right to relief because it can

demonstrate a safety-based undue hardship as a matter of law. *Id.* at 7.

The Court finds as a matter of law that Defendant has shown that requiring Defendant to accommodate Plaintiff's request for a religious-based exemption from the COVID-19 vaccine would impose an undue hardship upon Defendant as an employer. Given the allegations in the Amended Complaint [#8], requiring Defendant to accommodate Plaintiff in the manner requested would have violated the "Colorado Department of Public Health regulations mandating COVID-19 vaccination of healthcare workers." *Def.'s Ex. C, Entsminger Email* [#9-1] at 9. The Colorado Board of Health (CBOH) adopted 6 CCR 1101-1, Chapter 2, Part 12, mandating that all employees, direct contractors, and support staff in licensed healthcare settings in Colorado receive their first dose of the COVID-19 vaccine by September 30, 2021, and be fully vaccinated by no later than October 31, 2021. 6 CCR 1101-1 CHAPTER 2, PART 12 – COVID-19 IMMUNIZATION OF EMPLOYEES, DIRECT CONTRACTORS, AND SUPPORT STAFF (2021).[8] Thus, Defendant would have had to violate a state law (i.e., the regulation mandate) in order to accommodate Plaintiff, clearly establishing an undue hardship. *See, e.g., Weber*, 1999 WL 5111, at *1; *Sutton*, 192 F. 3d at 830-31; *Baltgalvis*, 132 F. Supp. 2d at 419; *Hochul*, 2022 WL 4637843, at *15; *Lowe v. Mills*, No. 1:21-cv-00242-JDL, 2022 WL 3542187, at *9 (D. Me. Aug. 18, 2022) (holding that the employer had established an undue hardship when it would have been required to violate a state COVID-19 vaccine mandate to

---

[8] A federal court may take judicial notice of state agency rules and regulations without converting a 12(b)(6) motion to dismiss into a motion for summary judgment. *Pace v. Swerdlow*, 519 F. 3d 1067, 1072-73 (10th Cir. 2008); *Ray v. Aztec Well Serv. Co.*, 748 F. 2d 888, 889 (10th Cir. 1984) (citing *Romer v. Bd. of Pub. Works of Md.*, 426 U.S. 736, 742 n.4 (1976)).

accommodate the employee's religious-based exemption request); *Marte v. Montefiore Med. Ctr.*, No. 22-CV-03491-CM, 2022 WL 7059182, at *4 (S.D.N.Y. Oct. 12, 2022) (holding that the plaintiff's requested accommodation would qualify as an undue hardship because it required the defendant-employer to violate the New York State Department of Health mandate requiring personnel at healthcare facilities to be fully vaccinated against COVID-19). The Court finds as a matter of law that this causes an undue hardship for Defendant to accommodate Plaintiff's religious-based vaccine exemption request. *See Equal Emp. Opportunity Comm'n*, 339 F. Supp. 3d at 1181.

Accordingly, the Court **recommends** that Plaintiff's Title VII of the Civil Rights Act of 1964 be **dismissed with prejudice**. *See*, *e.g.*, *Reynoldson*, 907 F. 2d at 127 (stating that prejudice should attach to a dismissal when the plaintiff has not made allegations "which upon further investigation and development, could raise substantial issues"); *Garcia*, 2011 WL 109076, at *1 (stating that "dismissal [with prejudice] of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

## IV.  Conclusion

For the reasons stated above,

IT IS HEREBY **RECOMMENDED** that the Motion [#9] be **GRANTED** and that Plaintiff's claims be **DISMISSED with prejudice**. *See Reynoldson*, 907 F. 2d at 127; *Garcia*, 2011 WL 109076, at *1.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall

have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: April 12, 2023

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge